IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-30052 |
| | ) | |
| HORACIO REYES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on March 12, 2007, for the sentencing hearing of Defendant Horacio Reyes.  Defendant appeared in person and by his attorney Nolan Lipskey.  The Government appeared by Assistant United States Attorney Greg Gilmore.  On October 30, 2006, Defendant pleaded guilty to the offense of being a deported alien found in the United States without the consent of either the Attorney General or the Secretary of Homeland Security to re-enter the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2), and 6 U.S.C. §§ 202(3), (4) and 557, as alleged in the Indictment (d/e 5).  The United States Probation Office prepared a Revised Presentence Report (PSR), dated February 23, 2007.

1

Neither the Government nor the Defendant had any objections to the PSR. Thus, the Court adopted the PSR as written and adopted its findings. The Court determined that Defendant had a base offense level of 8 under U.S.S.G. § 2L1.2(a). Defendant received a 16-level enhancement in his offense level because he was previously deported following a conviction for rape, a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A(ii). Defendant was entitled to a three-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1. Accordingly, the Court found that Defendant had a final offense level of 21 and was in Criminal History Category V, which yielded a Guideline Sentencing range of 70 to 87 months in Zone D of the Guideline range. The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant Reyes' sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

The Court heard the sentencing recommendations of counsel and Defendant Reyes' own statement. The Government recommended a sentence above the Guideline range based on Defendant's prior felony convictions, particularly his conviction for rape of a 13-year old, his re-entry

2

to the United States less than a year after his deportation, and his incredulous story that he was kidnaped and had entered the United States for the sole purpose of earning money to go to Canada. Defendant, on the other hand, requested a sentence below the Guideline range based on the following: (1) there was no evidence suggesting that Defendant committed a <u>forcible</u> rape; (2) Defendant served his sentence for the rape conviction; and (3) a police report filed in Guatemala by Defendant's wife that Defendant was missing corroborated Defendant's kidnaping story to some extent.

Weighing all of the relevant statutory factors, the Court, however, determined that a sentence within the Guideline range would be appropriate. THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory factors, the arguments of counsel, and the statement of Defendant Reyes, for the reasons stated of record, the Court sentenced Defendant Horacio Reyes to a term of 84 months imprisonment, to be followed by 3 years of supervised release. The Court also ordered Defendant to pay a $100.00 special assessment, due immediately. The Court did not impose a fine. The Court then advised Defendant Reyes of his appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER: March 13, 2007.

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE